# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1798EA

_____

| | | |
|---|---|---|
| Kimberly Pruett, | * | |
| | * | |
| Appellant, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Eastern District |
| | * | of Arkansas |
| | * | |
| Village News, Inc., doing business | * | [Not To Be Published] |
| as Blytheville Courier News, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 20, 2003
Filed: December 1, 2003

_____

Before BYE, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Kimberly Pruett appeals from the District Court's[1] grant of summary judgment to defendant, Blytheville Courier News, on various claims related to her employment with, and termination by, the defendant. After reviewing de novo, see Uhiren v. Bristol-Myers Squibb Co., 346 F.3d 824, 827 (8th Cir. 2003), we affirm.

_____

[1]The Hon. James M. Moody, United States District Judge for the Eastern District of Arkansas.

Ms. Pruett worked for Blytheville Courier News during several different time periods. At issue is her last period of employment, which began on December 4, 1998, and ended on or about September 15, 1999, when she learned that she had been terminated. Ms. Pruett asserts that soon after she was rehired by the Blytheville Courier News in December 1998, David Tennyson subjected her to offensive touching, and that she was forced to hear vulgar language and see pornographic images on her office computer. She also contends that Mr. Tennyson drank alcohol in the workplace and kept a gun at his desk. Ms. Pruett also alleges she was denied 401(k) benefits and commissions. Her complaint alleges claims under Title VII, including sexual harassment, sexual discrimination, and retaliation, a claim under the Equal Pay Act, and a state-law breach-of-contract claim.

Summary judgment is proper when there are no genuine issues as to any material fact. Fed. R. Civ. P. 56(c). All evidence and inferences are to be viewed in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). After reviewing the record de novo, we affirm substantially for the reasons given by the District Court.[2] See 8th Cir. R. 47B.

_____

[2]We do not reach Ms. Pruett's argument that the District Court erred in applying the McDonnell Douglas burden-shifting analysis to her sexual-discrimination claim rather than the analysis applicable to "mixed-motive" cases under Desert Palace, Inc. v. Costa, __ U.S. ___, 123 S. Ct. 2148 (2003). Because she did not raise the issue that this is a "mixed-motive" case until the filing of her supplemental brief, we conclude that the issue is not properly before us.